Milligan, J-,
delivered the opinion of the Court.
Swang, the plaintiff in error, was presented by the grand jury, in the Circuit Court at Winchester, in ten cases, for gaming. The game was cards, and Smock, *213 the only witness before the grand jury, was a participant in the crime. At the same term of the Court at which the presentments were made, the plaintiff in error was placed under arrest, and held in the custody of the Sheriff. Pending the term, under an arrangement with the District Attorney, eight of the causes were dismissed, on the prisoner’s assuming and securing the costs, and in the other two he plead guilty, and submitted himself to the grace and mercy of the Court; whereupon the Court assessed a fine upon him of fifteen dollars in the one case, and ten in the other, with the costs of both submissions, which was regularly entered on record. Two days thereafter, and during the same term, Swang appeared, and in proper person, moved the Court to set aside his submission, and the judgment for the fine and costs. The Court overruled the motion, from which, the plaintiff appealed in error, to this Court.
The first question presented in the record, is, whether or not the plaintiff in error had the right to waive his submission,, and plead not guilty. We think he had. In an old case, reported in 1st Tennessee, 437, this question is distinctly decided; and that part of the opinion of the Court has not, so far as we have been able to see, been overruled by any subsequent decision. The right seems to be founded in sound reasoning, but it can only be exercised in such cases as are affected with fraud, putting in fear, or gross misrepresentation. By the Constitution of the State, the accused, in all cases, has a right to “a speedy public trial, by an impartial jury of the county or district in which the crime *214 shall have been committed,” and this right cannot he defeated by any deceit or device whatever. The Courts would be slow to disregard the solemn admissions of the guilt of the accused, made in open Court, by plea, or otherwise; but when it appears they were made under a total misapprehension of-the prisoner’s rights, through official misrepresentation, fear or fraud, it is the duty of the Courts to allow the plea of guilty, and the submission, to be withdrawn, and to grant to the prisoner a fair trial, by an impartial jury.
In this case, the application was supported by the prisoner’s own affidavit, and the affidavits of seven other persons, including the joint statement of the grand jurors.' These sworn statements disclose a statement of facts, which, we apprehend, is unprecedented in the judicial history of the State; and if they are to be believed, (and they are corroborated, in many essential particulars, by the affidavit of the District -Attorney,) they amount, in the prosecuting attorney, to little less than common barratry, and official oppression. We do not deem it necessary to comment further upon them, as many of the facts stated are wholly erroneous, and inapplicable to this case; but enough appears to satisfy the Court, that the plea of guilty, and the submission, were made under an unwarrantable exercise of the influence of the District Attorney.
The accused was a stranger, and a non-resident of the State, in the custody of the Sheriff, and away from those who would be likely to become bound for his appearance. Under such embarrassing circumstances, he was, as it appears, among other things highly improp *215 er, told by tbe Attorney General, that if he did not submit, he would have to go to jail, and that he could certainly prove' his guilt. The plea of guilty was entered, as the affidavit shows, while the prisoner was protesting against his guilt, but as the best, under the circumstances, he could do. Under such a state of facts, we think the Circuit Judge had not only the power, during the term, to set aside the judgment, and allow the prisoner to withdraw his plea and submission, and to plead over, but that it was error not to do so.
In ordinary cases, and when the Circuit Judge felt he had the power to set aside a judgment, after submission, we would not feel disposed to disturb his action ; but in this case, it appears, he doubted his authority to allow the motion, and set aside the judgment, after a plea of guilty; and for that reason, this Court feels warranted, under the facts of this case, to reverse the judgment of the Circuit Judge, and to award a trial of the cause, under proper pleadings, before a jury.